UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA G., <br>     Plaintiff, <br>     v. <br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br>     Defendant. | Case No. SACV 18-898-AGR <br><br> MEMORANDUM OPINION AND ORDER |

Plaintiff[1] filed this action on May 23, 2018. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 12, 13.) On January 2, 2019, the parties filed a Joint Stipulation that addressed the disputed issues. The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court reverses the decision of the Commissioner and remands for further proceedings at step five of the sequential analysis.

---

[1] Plaintiff's name has been partially redacted in compliance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

# I.
# PROCEDURAL BACKGROUND

On July 25, 2014, Plaintiff filed an application for disability insurance benefits and alleged an onset date of October 18, 2013. Administrative Record ("AR") 10. The application was denied initially and on reconsideration. AR 10, 84, 98. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On July 16, 2016, the ALJ continued the hearing and ordered consultative examinations after hearing Plaintiff's testimony. AR 58-67. On April 12, 2017, the ALJ conducted a hearing at which Plaintiff and a vocational expert testified. AR 43-57. On May 2, 2017, the ALJ issued a decision denying benefits. AR 7-22. On March 30, 2016, the Appeals Council denied the request for review. AR 1-5. This action followed.

# II.
# STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.
# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.'" *Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (citation omitted).

## B. The ALJ's Findings

The ALJ found that Plaintiff met the insured requirements through December 31, 2018. AR 12. Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[2] the ALJ found that, through the date last insured, Plaintiff had the severe impairments of lumbar degenerative disc disease and affective disorder. AR 12. Plaintiff had the residual functional capacity ("RFC") to perform light work except that she could lift/carry 20 pounds occasionally and 10 pounds frequently; sit, stand and/or walk six hours in an eight-hour workday with alternating sitting and standing every hour for 1-3 minutes at the work station; use ramps, stairs, ladders, ropes and scaffolding occasionally; and balance, stoop, kneel, crouch and crawl occasionally. Plaintiff was limited to simple repetitive tasks and moderately complex tasks up to three steps; a low stress environment; occasional interaction with supervisors and coworkers; and minimal public contact. AR 14-15.

---

[2] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

Plaintiff could not perform past relevant work. AR 20. However, there were jobs that existed in significant numbers in the national economy. AR 21-22.

### C. Step Five Determination

At step five of the sequential analysis, the burden shifts to the ALJ to identify jobs that existed in significant numbers in the national economy that the claimant could perform. *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999); *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998); 20 C.F.R. § 416.920. In meeting this burden, the ALJ relies primarily on the DOT for information about the requirements of work in the national economy. Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704 (Dec. 4, 2000); *see also Pinto v. Massanari*, 249 F.3d 840, 845-46 (9th Cir. 2001).

"There are two ways for the Commissioner to meet the burden of showing that there is other work in 'significant numbers' in the national economy that claimant can do: (1) by the testimony of a vocational expert, or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2" (the "grids"). *Lounsburry*, 468 F.3d at 1114. "Where a claimant suffers only exertional limitations, the ALJ must consult the grids. Where a claimant suffers only non-exertional limitations, the grids are inappropriate, and the ALJ must rely on other evidence. Where a claimant suffers from both exertional and non-exertional limitations, the ALJ must consult the grids first." *Id.* at 1115. The grids are inapplicable when "a claimant's non-exertional limitations are sufficiently severe so as to significantly limit the range of work permitted by the claimant's exertional limitations."[3] *Hoopai v. Astrue*, 499 F.3d 1071, 1075 (9th Cir. 2007) (citation and quotation marks omitted). The testimony of a vocational expert is required when nonexertional limitations significantly limit the range of work a claimant can perform. *Tackett*, 180 F.3d at 1102.

---

[3] Nonexertional limitations include "postural and manipulative limitations such as difficulty reaching, handling, stooping, climbing, crawling, or crouching." *Lounsburry*, 468 F.3d at 1115.

The ALJ may rely on the testimony of a vocational expert, who can assess the claimant's limitations and identify any existing jobs that the claimant can perform. *Tackett*, 180 F.3d at 1100-01.

The ALJ failed to make the necessary findings in this case. The vocational expert testified that Plaintiff could not perform her past relevant work in response to the ALJ's hypotheticals. AR 54-55. The following colloquy then occurred. "ALJ: I assume that there are thousands of unskilled jobs available? VE: Yes, Your Honor." AR 55. The ALJ did not ask the VE to identify any representative jobs or the numbers of those jobs, or to testify whether the VE's testimony was consistent with the Dictionary of Occupational Titles ("DOT"). The ALJ erred. Contrary to Defendant's argument, the ALJ must identify "'specific jobs existing in substantial numbers in the national economy that [a] claimant can perform despite identified limitations.'" *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015) (citation omitted); *see also Lennon v. Berryhill*, 2018 U.S. Dist. LEXIS 126313, *5 (N.D. Cal. July 26, 2018) (quoting Appeal Council's direction to ALJ to ask vocational expert to "identify examples of appropriate jobs"); 20 C.F.R. § 416.966(b) ("Work exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which you are able to meet with your physical or mental abilities and vocational qualifications.").

Nor is the ALJ's error harmless. The failure of the ALJ to make any findings as to representative jobs or the numbers of those jobs renders the ALJ's step five determination unreviewable. The court is unable to determine, for example, whether the representative job(s) are consistent with a claimant's RFC and with the DOT. *See Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016); *Massachi v. Astrue*, 486 F.3d 1149, 1152-54 (9th Cir. 2007). Remand is appropriate. See *Barnes v. Berryhill*, 895 F.3d 702, 708 (9th Cir. 2018) (remanding for further proceedings when ALJ's failure to make necessary written findings prevented court from determining whether substantial evidence supported step five determination); *see also* 20 C.F.R. § 416.966(b).

## D. Examining Physician

Plaintiff further argues that the ALJ erred in discounting the opinion of the examining psychologist, Dr. Brawer. AR 2512-26. This argument is without merit. The ALJ gave significant weight to Dr. Brawer's opinions. AR 18. Plaintiff complains that the ALJ did not include Dr. Brawer's moderate limitation in her ability to sustain attention and concentration for extended periods of time, which Plaintiff interprets to mean that she would be off-task a moderate amount of time during the workday. The ALJ, however, limited Plaintiff to simple repetitive tasks and moderately complex tasks up to three steps, and a low stress environment. AR 14-15. Plaintiff has not shown that Dr. Brawer's opinion as to a moderate impairment in her ability to concentrate for "extended periods of time" is inconsistent with the ALJ's RFC.[4] Plaintiff has not shown error.

## IV.

## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and this matter is remanded for further proceedings at step five of the sequential analysis.

DATED: February 22, 2019

ALICIA G. ROSENBERG
United States Magistrate Judge

---

[4] The vocational expert testified that unscheduled breaks of 15-20 minutes for emotional reasons once or twice per day would be tolerable for purposes of unskilled work although it was "right on the cusp." AR 55-56.